1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   WILLIAM MEADOR,                                   CASE NO. 1:06-cv-1572-AWI-DLB PC
                                                      ORDER DISMISSING COMPLAINT WITH
10                        Plaintiff,                  LEAVE TO AMEND

11       v.                                           (Doc. 1)

12   CORCORAN STATE PRISON, et al.,

13                        Defendants.
                                                 /
14   _____

15   I.      Screening Order

16           A.      Screening Requirement

17           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 6, 2006.  The events

19   at issue in this action allegedly occurred at Corcoran State Prison.  Plaintiff is seeking money

20   damages and declaratory relief for the violation of his constitutional right to due process.

21           The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

3  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

5  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

6  claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may

7  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

8  could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff

9  will ultimately prevail but whether the claimant is entitled to offer evidence to support the

10 claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

11 unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

12 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

13 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

14 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

15 pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

16 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

17 essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

18 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

19 1982)).

20         B.      Plaintiff's Claims

21         On July 22, 2004, plaintiff was found guilty of a rules violation for battery on a peace

22 officer.  Plaintiff was assessed an 11 month SHU term with a MERD of February 24, 2005.  On

23 October 27, 2004, plaintiff received another rules violation that adjusted his MERD to March 24,

24 2005.  Plaintiff alleges that he was not released from the SHU until May 28, 2005 in violation of

25 his constitutional rights.

26         The Due Process Clause protects against the deprivation of liberty without due process of

27 law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the

28 Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

1  protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

2  law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

3  confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

4  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law,

5  the existence of a liberty interest created by prison regulations is determined by focusing on the

6  nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests

7  created by state law are "generally limited to freedom from restraint which . . . imposes atypical

8  and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin

9  v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716,

10  718 (9th Cir. 2007).

11      Plaintiff has not alleged any facts that indicate that the conditions of his stay in the SHU

12  imposed any atypical and significant hardship on plaintiff as compared with the ordinary

13  incidents of prison life.  In addition, even assuming plaintiff had alleged facts sufficient to

14  establish a protected liberty interest, plaintiff has failed to allege that defendants were responsible

15  for the delay of his release from the SHU.

16                    C.      Conclusion

17      Plaintiff's complaint does not state any cognizable claims for relief against the named

18  defendants.  The court will provide plaintiff with the opportunity to file an amended complaint, if

19  plaintiff wishes to do so.

20      In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local

21  Rule 15-220 requires that an amended complaint be complete in itself without reference to any

22  prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See

23  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the

24  original pleading no longer serves any function in the case.  Therefore, in an amended complaint,

25  as in an original complaint, each claim and the involvement of each defendant must be

26  sufficiently alleged.

27      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

28  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

1   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

2   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

3   is some affirmative link or connection between a defendant's actions and the claimed

4   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

5   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

7          1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state any

8                  claims upon which relief may be granted under section 1983;

9          2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

10         3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file

11                 an amended complaint; and

12         4.      If plaintiff fails to file an amended complaint in compliance with this order, the

13                 court will recommend that this action be dismissed, with prejudice, for failure to

14                 state a claim upon which relief may be granted.

15

16   IT IS SO ORDERED.

17    Dated:    **October 2, 2007**              _____ **/s/ Dennis L. Beck**_____
                                                  UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28