# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEADOR, | CASE NO. 1:06-cv-1572-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION |
| v. | |
| CORCORAN STATE PRISON, et al., | |
| Defendants. | |

I.  Screening Order

   A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed an amended complaint on October 22, 2007 after his original complaint was dismissed with leave to amend.  The events at issue in this action allegedly occurred at Corcoran State Prison.  Plaintiff is seeking money damages and declaratory relief for the violation of his constitutional right to due process.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
3  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
4  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
5  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
6  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's
7  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may
8  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
9  could be proved consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff
10 will ultimately prevail but whether the claimant is entitled to offer evidence to support the
11 claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and
12 unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
13 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
14 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
15 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal
16 pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
17 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply
18 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
19 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
20 1982)).

21       B.    Plaintiff's Claims

22       On July 22, 2004, plaintiff was found guilty of a rules violation for battery on a peace
23 officer.  Plaintiff was assessed a SHU term with a MERD of February 24, 2005.  On October 27,
24 2004, plaintiff received another rules violation that adjusted his MERD to March 24, 2005.
25 Plaintiff alleges that he was not released from the SHU until May 28, 2005 in violation of his
26 constitutional rights.

27       The Due Process Clause protects against the deprivation of liberty without due process of
28 law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the

Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." <u>Wilkinson</u>, 125 S.Ct. at 2393; <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts that indicate that the conditions of his stay in the SHU imposed any atypical and significant hardship on plaintiff as compared with the ordinary incidents of prison life. In addition, even assuming plaintiff had alleged facts sufficient to establish a protected liberty interest, plaintiff has failed to allege that defendants were responsible for the delay of his release from the SHU.

C.  <u>Conclusion</u>

Plaintiff's amended complaint does not state any cognizable claims for relief against the named defendants. The Court therefore recommends that the amended complaint be dismissed in its entirety. The Court does not recommend that leave to amend be given as Plaintiff has already been given the opportunity to amend and was unable to cure the deficiencies previously identified by the Court.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>

Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 26, 2008**        /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE